Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

OCT 3 0 2001

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAWRENCE I. WECHSLER,<br><br>                    Plaintiff,<br><br>vs.<br><br>MACKE INTERNATIONAL TRADE, INC., ANTHONY O'ROURKE AND PETsMART, INC.,<br><br>                    Defendants. | Case No.  CV 00-00296 CAS(BQRx)<br><br>**ORDER CONSTRUING ADDITIONAL PORTIONS OF CLAIMS 1 AND 18** |

On August 20, 2001, the Court filed its Order Construing Patent ("the Order"). Thereafter, the parties requested that the Court construe certain portions of claims 1 and 18 that the Court had failed to construe in the Order.  The portions of claims 1 and 18 of U.S. Patent No. 5,636,592 ("the '592 Patent") that were not construed by the Order are:

Claim 1, lines 5 and 11-13 (ORDER, page 2, lines 6 and 12-14) ('592 Patent, col. 12, lines 39 and 46-48):

> "means. . . so that if a transfer of feed material from the
> reservoir to the pooling space be effected to pool feed
> material in the trough, . . ."

ENTER ON ICMS

NOV - 2 2001

S:\Orders\CIVIL\2000\00-00296.2.wpd

Claim 18, lines 15-17 (ORDER, page 4, lines 18-20) ('592 Patent, Col. 14, lines 54-56):

> "means for directing an induced flow of said contents from said reservoir into said pooling space when in said second mounted position."

As to claim 1, plaintiff contends:

> The language of claim 1 which reads "so that if a transfer of feed material from the reservoir be effected to pool feed material in the trough" is in the nature of a whereby clause, i.e., stating a <u>prospective function</u> which occurs naturally when the claimed combination is used at some future date. It is clear from a reading of this phrase, that such language merely indicates a functional attribute inherent of the claimed subject matter, and is not for purposes of claiming an addition, and unnecessary, structural element.

Plaintiff asserts that neither this claim nor claim 18 recites a "valve means" element as does claim 15, because the claims do not require a valve or "transfer-effecting structure."

Defendants assert that while claim 1 does not recite a transfer-effecting mechanism, a feed transfer-effecting mechanism is an essential component of the feeding device. Defendants argue that to find otherwise would render claim 1 invalid under 35 U.S.C. § 112, ¶ 1; therefore, for claim 1 to be valid, it must be construed to further specify a "transfer-effecting" function such that the limitation in claim 1 corresponds to the two structures for effecting transfer of feed set forth in the specification.

As to claim 18, defendants concede that it defines the valve structure of the device in different means-plus-function terms under § 112, ¶ 6 than claims 5 and 15.

Nonetheless, defendants argue that the valve structure disclosed in the specifications of the '592 Patent provide the only proper basis for claim construction.  Defendants urge that the terms "directing" and "an induced flow of said contents" both comprise functions required by the claim.

The Court agrees with defendants' analysis because it finds that a feed transfer-effecting mechanism is an essential component of the feeding device which, for the reasons set forth in the Order must be limited by the configurations disclosed in the specifications.  Thus the Court finds that "means . . . so that if a transfer of feed material [water] from the reservoir to the pooling space be effected to pool feed material in the trough" should be construed as follows:

    (1)    by reference to the two embodiments of Figs. 1a-3b and Figs. 10a-11b, respectively, as valve 4 or 54 having a nozzle portion 4a opening and closing passages 12a on a hollow shaft 5a on the cap portion 5 of coupling assembly 1 by sliding the valve 4 forward and back on shaft 5a (the valve 54 of Figs. 10a-11b also includes a pool feeding tube); and

    (2)    by reference to the embodiment of Figs. 4a-7c, as a rotational stop cock valve 24 having a cylindrical valve member 24b rotatably mounted in a valve body 24a that has a valve bore 32a therethrough so that a bore 32b in the valve member 24b is aligned with the bore 32a to open valve 24 and misaligned with bore 32a to close valve 24 by rotating valve member 24b relative to valve body 24a;

1   where by a valve structure is selectively operable by hand

2   from a closed condition in a FIRST MOUNTED POSITION[1]

3   to an open condition when the reservoir is in ANOTHER

4   MOUNTED POSITION, for the flow of water TO BE

5   EFFECTED FROM THE RESERVOIR TO THE POOLING

6   SPACE.

7

8   As to claim 18, defendants contend that it should be construed as follows:

9       Claim 18: MEANS FOR DIRECTING AN INDUCED FLOW

10      OF SAID CONTENTS [water] FROM SAID RESERVOIR

11      INTO SAID POOLING SPACE WHEN IN SAID SECOND

12      POSITION is construed;

13      (1)   by reference to the two embodiments of Figs. 1a-3b and

14            Figs. 10a-11b, respectively, as valve 4 or 54 having a

15            nozzle portion 4a opening and closing passages 12a on

16            a hollow shaft 5a on the cap portion 5 of coupling

17            assembly 1 by sliding the valve 4 forward and back on

18            shaft 5a (the valve 54 of Figs. 10a-11b includes a pool

19            feeding tube 56); and

20      (2)   by reference to the embodiment of Figs. 4a-7c, as a

21            rotational stop cock valve 24 having a cylindrical valve

22            member 24b rotatably mounted in a valve body 24a that

23            has a valve bore 32a therethrough so that a bore 32b in

24            the valve member 24b is aligned with the bore 32a to

25            pen valve 24 and misaligned with bore 32a to close

26

27      _____

        [1] Words that appear in all capital letter format are set forth in that manner in

28  defendants' proposed claims construction.

valve 24 by rotating valve member 24b relative to

valve body 24a;

whereby there is a mechanical structure selectively movable by hand between (1) an open condition that causes the free flow of water that is above the VALVE MEANS from the reservoir into the trough and (2) a closed condition that prevents any flow of water from the reservoir.

For the reasons set forth with regard to that portion of claim 1, construed above, the Court finds that defendants' above-quoted construction regarding claim 18 is also correct.

IT IS SO ORDERED.

Dated:          October 29, 2001

*Christina A. Snyder*
CHRISTINA A. SNYDER
United States District Judge