UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Priority Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

MINUTE ORDER

Case No.: CV-00-00296 CAS (BQRx)                November 25, 2003

Title:   LAWRENCE I. WECHSLER v. MACKE INTERNATIONAL TRADE,
         INC.; and ANTHONY O'ROURKE

---

PRESIDING:      HONORABLE CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE

Maynor Galvez,
Deputy Clerk

PLAINTIFF COUNSEL PRESENT:              DEFENDANT COUNSEL PRESENT:


PROCEEDINGS:   **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF
               INVALIDITY OF U.S. PATENT No. 5,636,592**
               (filed October 10, 2003)


## I. INTRODUCTION

Plaintiff Lawrence I. Wechsler is the inventor of the Portable Device for Feeding Animals, for which he owns U.S. Patent No. 5,636,592 ("the '592 patent"), issued June 10, 1997. Plaintiff alleges that defendants Macke International Trade, Inc. ("Macke"), and Anthony O'Rourke, Macke's President and Secretary, have infringed the '592 patent by making, using, and selling in the United States two different products, the Handi-Drink and the Handi-Drink 2 (the "HD" and the "HD2", respectively). The Handi-Drink products are portable water dispensing and drinking devices for animals, with HD being the original device and HD2 being a second model of the device with some differences in features, structure, and functions. Plaintiff filed a First Amended Complaint ("FAC") on May 8, 2000, asserting claims against all defendants for infringement in violation of 35 U.S.C. §271(a), and against O'Rourke and Macke for inducing infringement pursuant to 35 U.S.C. §271(b). Following a March 23, 2001 hearing in accordance with <u>Markman v. Westview Instruments, Inc.</u>, 517 U.S. 370 (1996), the Court issued an Order Construing Patent ("Order") on August 20, 2001. Subsequently, on October 30, 2001, the Court issued an Order Construing Additional Portions of Claims 1 and 18

S:\Orders\CIVIL\2000\00-00296.msj2.2.short.wpd   1

ENTER ON ICMS

DEC - 1 2003

("Additional Order"). On February 12, 2002, the Court granted defendants' motion for summary judgment of infringement.

In an opinion dated January 29, 2003, the Federal Circuit reversed the Court's grant of summary judgment of non-infringement with respect to the HD device, holding that the HD device infringes claim 1 of the '592 patent. However, the Federal Circuit concluded that the Court did not err in granting summary judgment of non-infringement with respect to the HD2 device. The parties are now before the Court on defendants' motion for summary judgment of invalidity of the '592 patent ("Mot."), filed October 10, 2003.

It is undisputed that plaintiff asserts that the HD infringes claims 1, 2, 3, 5, 6, 11, 12, 14, 16, 18, 19, and 20 of the '592 patent. Defendants' Statement of Uncontroverted Facts ("Defs.' SUF") ¶ 3; Plaintiff's Statement of Genuine Issues ("Pl.'s SGI"). Of the claims asserted by plaintiff to be infringed by defendants, only claims 1, 15, and 18 are independent claims, with the remaining claims being dependent from one of those three claims. Defs.' SUF ¶ 4; Pl.'s SGI.

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

proof at trial." Id. at 322.

In patent cases, as in other cases, summary judgment is appropriate where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. See Becton Dickinson & Co. v. C.R. Bard, Inc., 922 F.2d 792, 795 (Fed. Cir. 1990). Determining whether an accused device infringes a patent claim involves two steps: (1) "claim construction, which involves ascertaining the scope and meaning of the claims at issue;" and (2) "determining whether the claims as construed read on the accused device." See Streamfeeder, LLC v. Sure-Feed Sys., Inc., 175 F.3d 974, 981 (Fed. Cir. 1999). Construction of patent claims is decided as a matter of law. See Markman, 517 U.S. 370 (1996). Infringement, either literal or under the doctrine of equivalents, presents a question of fact. See Bai v. L & L Wings, Inc., 160 F.3d 1350, 1353 (Fed. Cir. 1998).

### III. DISCUSSION

A.  Claims Construction

"The starting point for any claim construction must be the claims themselves." Pitney Bowes v. Hewlett-Packard Co., 182 F.3d 1298, 1305 (Fed. Cir. 1999). In general, patent claim terms are given their plain, ordinary, and accustomed meaning to one of ordinary skill in the art at the time of invention. Prima Tek II, LLC v. Polypap, S.A.R.L. ("Prima Tek"), 318 F.3d 1143, 1148 (Fed. Cir. 2003); Rambus Inc. v. Infineon Tech., 318 F.3d 1081, 1088 (Fed. Cir. 2003).

"Because the claims of a patent measure the invention at issue, the claims must be interpreted and given the same meaning for purposes of both validity and infringement analysis." Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1351 (Fed. Cir. 2001).

Independent claim 1 of the '592 patent discloses:

A device for feeding animals from a feed material containing reservoir, said device comprising: an open trough structure providing a pooling space in which feed material can pool; and means for mounting the reservoir on said trough so that

it can be movably mounted, while remaining attached to the trough, from a first mounted position thereof wherein it is at least partially nested in said trough pooling space, to at least another mounted position wherein the reservoir is located sufficiently clear of said pooling space, so that if a transfer of feed material from the reservoir to the pooling space be effected to pool feed material in the trough, an animal has feeding access to pooled feed material in the trough.

Declaration of Conrad Solum, Jr. ("Solum Decl."), Ex. 1.

The parties do not dispute that the Federal Circuit construed claim 1 of the '592 patent as not requiring a "feed transfer-effecting mechanism" or valve of any type and that such claims construction is also applicable to claim 18 of the '592 patent. Defs.' SUF ¶ 10; Pl.'s SGI. The Federal Circuit also construed the entire "means for mounting" subparagraph of claim 1 to the end of claim 1 and concluded "it is clear that the language simply states that the claimed device requires a sufficient amount of clearance between the reservoir and trough to permit animal access to pooled feed material in the trough when the feed material is transferred to the trough from the reservoir during active use." Defs.' SUF ¶ 11; Pl.'s SGI.

Claim 15 of the '592 patent discloses:

A device for feeding animals from a feed material containing reservoir, said device comprising: an open top trough structure providing a pooling space in which feed materials can pool; means for mounting the reservoir on the trough so that it can be moved from a first mounted position thereof wherein it is at least partially nested in said trough pooling space to at least another mounted position wherein said reservoir is located clear of said trough pooling space so that if a transfer of feed material from said reservoir to the pooling space be effected to pool feed material in the trough, an animal has feeding access to pooled feed material in the trough; and valve means for selectively permitting and terminating a flow of said contents from said reservoir.

Solum Decl., Ex. 1.

The Federal Circuit construed the "means for mounting ..." subparagraph of claim 15 of the '592 patent as a means-plus-

function limitation under 35 U.S.C. § 112, that requires a mounting means in which the trough and reservoir are continuously attached when moving between positions. SUF ¶ 12; SGI.

The Federal Circuit expressly did not reach this Court's claim construction with respect to claim 15's "valve means" limitation, because the Federal Circuit "affirm[ed] the [C]ourt's holding that the HD2 device does not infringe claim 15 because the claim's means for mounting limitation is not present in the accused device." Solum Decl., Ex. 5 (Fed. Cir. slip op.) at 11, 12, n. 4. Defendant argues that the Court construed the "valve means" of claims 1 and 15 as "a means plus function limitation under 35 U.S.C. §112, ¶ 6 requiring a push-pull or stopcock valve as shown in the '592 patent (Order, p. 18, line 16) and that claim construction was not modified by the Federal Circuit Decision." SUF ¶ 4. Plaintiff appears to object to the "implication" that the Federal Circuit has considered and failed to reverse the claim construction in the Order, holding that the "valve means" of claim 15 was a means plus functions limitation under 35 U.S.C. §112, ¶ 6. SGI ¶ 4. Because the Federal Circuit did not reach this issue, the Court will rely upon the construction of claim 15's "valve means" limitation in this Court's prior Order construing claims.

Defendants contend that "the construction of any terms or phrases in the claims of the '592 patent that are not explicitly covered by the Federal Circuit's decision or this [C]ourt's order are covered by the Joint Claim Construction Statement filed by the parties in March 2001 concerning those terms and phrases (a) that were agreed upon by the parties or (b) for which Plaintiff asserted constructions that were not construed subsequently by the Federal Circuit or this Court." SUF ¶ 9. It appears undisputed that the claim construction agreed upon by the parties in the Joint Claim Construction Statement filed in March 2001, should apply to the instant motion, therefore, the Court need not consider the claim construction arguments advanced solely by plaintiff for purposes of the Markman hearing. See, e.g., SGI ¶ 3; SUF ¶ 9.

B. <u>Invalidity Based Upon Anticipation</u>

Having construed the claim limitations at issue, the construed claims are now compared to the prior art to determine if the prior art anticipates those claims. A patent claim may be found invalid if "[t]he invention was patented or described in a

printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C.A. § 102(b) (2001). Under 35 U.S.C. § 282, the claims in an issued patent are presumed to be valid. With respect to new prior art not considered by the PTO, there is "no reason to defer to the PTO so far as ... validity is concerned." American Hoist & Derrick Co. v. Sowa & Sons, 725 F.3d 1350, 1359 (Fed. Cir. 1984); see also Uniroyal, Inc. v. Rudkin-Wiley Corp., 837 F.2d 1044, 1050 (Fed. Cir. 1988). However, such new prior art does not shift the burden of proof, or alter the clear and convincing standard of proof required by § 102. American Hoist & Derrick Co. v. Sowa & Sons, 725 F.3d at 1359.

It is undisputed that U.K. Patent 185,654 to Venn-Carr ("Venn-Carr '654") (Solum Decl., Ex. 7, "Improvements in Drinking Fountains for Dogs, Poultry and other Animals"), issued in 1922, qualifies as prior art under 35 U.S.C. § 102(b). SUF ¶ 16, SGI. In addition, defendants argue that U.S. Patent 5,603,436 to Leoncavallo ("Leoncavallo '436")(Solum Decl., Ex. 6, "Squeeze Bottle and Leakproof Closure Device") qualifies as prior art under 35 U.S.C. § 102(e) by reason of its filing date of January 14, 1994, which is more than one year prior to plaintiff's invention of the '592 patent in "the early spring of 1995." SUF ¶ 15, citing Solum Decl., Ex. 8 (Deposition of Lawrence Wechsler) at 1, 27. Plaintiff disputes this contention "to the extent that the date of invention of the '592 patent may be earlier than 'early spring of 1995.'" However, plaintiff does not cite to any specific evidence in the Opposition or SGI that supports this assertion. SGI ¶ 5; Reply at 3; see generally, SGI, Opp. Therefore, the Court concludes that Leoncavallo '436 qualifies as prior art under 35 U.S.C. § 102(e).

Defendants argue that the construed claims of the '592 patent are anticipated by new uncited references not relied upon by the USPTO: Leoncavallo '436 and Venn-Carr '654.[1] Mot. at 17. Defendants contend that both Leoncavallo '436 and Venn-Carr '654 have the same three elements as specified by claim 1 of the '592 patent: (1) a reservoir; (2) a trough; and (3) a means for mounting the reservoir on the trough. Mot. at 17. Defendants point to the bottle/cap, cover/trough and hinge disclosed by

---

[1] Defendants do acknowledge that claims 6, 12 and 16 of the '592 patent "arguably are not fully met by either of those two new references" but are obvious under § 103. Mot. at 17.

Leoncavallo '436 and a vessel, tray and hinge in Venn-Carr '654. Id.

As to the functional language of claim 1 of the '592 patent, defendants argue that "partial nesting" of the reservoir in the "first mounted position" is disclosed by Leoncavallo '436, when the cap portion 18 of the reservoir is nested in the cover/trough 26, and in Venn-Carr '654 in the position displayed in Fig. 3, and when Fig. 3 is inverted as shown in Fig. V-A.
With regard to the second or "another mounted position" stated in claim 1 of the '592 patent, the Federal Circuit decision has construed this claim language as requiring, "a sufficient amount of clearance between the reservoir and trough to permit animal access to pooled feed material in the trough when the feed material is transferred to the trough from the reservoir." Mot. at 18, citing Solum Decl., Ex. 5 at 9. Defendants contend that this second feeding position occurs in Leoncavallo '436 "in any of several positions as shown in Figs. 1, L-B and L-C above," and in Venn-Carr '654 in any one of several positions shown in Figs. 3, 4 and V-A. Mot. at 18. Therefore, defendants argue that claim 1 of the '592 patent has been anticipated by both Venn-Carr '654 and Leoncavallo '436.

Likewise, defendants contend that dependent claims of the '592 patent 2, 3, 5, 11, 14, 19 and 20 are fully anticipated by either or both Leoncavallo '436 and Venn-Carr '654. Mot. at 19. Defendants argue that claim 2 of the '592 patent, adding a "means for directing" transfer from the reservoir to the trough is met by the spout 20 in Leoncavallo '436 and in Venn-Carr by the open end of vessel "a" and air vent "f." Mot. at 18. As for the "valve means" of claim 5, defendants contend that the valve means element is met by the push-pull valve (spout 20, cap 18 and closure element 56) of Leoncavallo '436. Defendants state that claim 11, adding a "stabilization means" to claim 1 is met in Leoncavallo '436 by a flat surface surrounding dimple 84 in cover 26 or, in the alternative, by the cover 26 engaging the bottle 14 in the full open position, and by Venn-Carr '654 by the "flat bottom of tray "b". Mot. at 19. Finally, defendants state that claims 2 and 19 ("feed dispensing outlet above the pooling space"), claim 14 ("means for permitting pivotal movement"), and claim 20 (opening in the reservoir is below the top edge of the trough in the second position) are all met by either Venn-Carr '654 or Leoncavallo '436. Mot. at 18-19.

Plaintiff contends that independent claims 1 and 18 are not anticipated by the Venn-Carr patent because the Venn-Carr patent

fails to provide enabling disclosure for structure permitting transfer of feed material to the pooling space when the reservoir is in a feeding position clear of the trough. Opp. at 3. Plaintiff argues that operability of claim 1 "is predicated upon a suitable configuration which allows water or other feed material to be directed, for example, by positional alignment or other structural means, into the trough pooling space when the reservoir is brought out of nesting relationship and is free of the trough during feeding." Opp. at 4. Plaintiff asserts that the Venn-Carr patent does not disclose the configuration of an opening through which the reservoir is filled with water. Opp. at 4, 5. Plaintiff argues that this is because the placement of the opening is relevant only to filling the reservoir, not transferring water out of the reservoir and into the feeding tray. <u>Id</u>.

Plaintiff argues that defendant incorrectly assumes the existence of structure not actually taught by the reference, which necessitates defendant's creation of additional figures to depict flow from the opening in the end of Venn-Carr vessel into the tray. Opp. at 5. Absent these disclosures, plaintiff argues that defendants would be forced to rely on an inherency argument, which would raise a genuine issue of material fact. Plaintiff further argues that the fingers that are disclosed extending downward from the tray would prevent the tray from resting on a horizontal structure as shown by defendant's Fig. V-A. In addition, plaintiff contends that the Venn-Carr apparatus could be readily made in a manner which would not infringe either claims 1 or 18 of the '592 patent, on grounds that Venn-Carr does not teach a structural adaptation to "effect transfer of a contents from the reservoir to pool material in the tray (trough) when in position out of a nesting state." Mot. at 8.

Likewise, plaintiff also argues that the hinge mechanism in the Venn-Carr patent is different from the structure disclosed in the '592 patent corresponding to the "means for mounting" limitation of claims 1 and 18. Plaintiff contends that the issue of whether the hinged attachment taught by the Venn-Carr patent constitutes a statutory equivalent to the "means for mounting" limitation in claims 1 and 18 of the '592 patent presents a genuine issue of material fact. Opp. at 9-10.[2]

---

[2] Plaintiff also argues that the "while not being specifically set forth in the Order Construing Patent, it would

(continued...)

Plaintiff argues that the Leoncavallo patent does not anticipate independent claims 1, 15 and 18 of the '592 patent. First, plaintiff asserts that Leoncavallo fails to disclose a reservoir which is at least partially nested in a trough. Plaintiff states that in order to interpret Leoncavallo as disclosing a reservoir partially nested in a trough, the Court must interpret cap 18 as a part of bottle 14, and even if the Court were to do so, it would not anticipate the '592 patent which discloses a reservoir that nests partially in the trough, a configuration that is distinct from a coupling device. Opp. at 12, 13. As with the Venn-Carr patent, plaintiff submits that the hinge structure used to pivot protective cover 26 of the Leoncavallo patent relative to cap 18 is not identical to any of the disclosed structures in the '592 patent. Therefore, a factual determination would be required to establish statutory equivalence under 35 U.S.C. § 112 ¶ 6, presenting a genuine issue of material fact. Opp. at 13-14.

Finally, plaintiff argues that dependent claims 2, 3, 11, 14, 19 and 20 of the '592 patent are not anticipated by the Venn-Carr patent, and dependent claims 2, 3, 5, 11, 14 and 19 of the '592 patent are not anticipated by the Leoncavallo patent. Opp. at 10-11, 14-15.[3]

"Anticipation under 35 U.S.C. § 102 means lack of novelty, and is a question of fact." Brown v. 3M, 265 F.3d 1349, 1351 (Fed. Cir. 2001), cert. denied, 122 S. Ct. 1436 (2002); citing Karsten Mfg. Corp. v. Cleveland Golf Co., 242 F.3d 1376 (Fed. Cir. 2001). "In order to prove that a claim is anticipated under 35 U.S.C. §102(b), defendants must present clear and convincing

---

[2](...continued)
appear that the Court intends construction of the "means for mounting" limitation of claims 1 and 18 to likewise invoke 35 U.S.C. § 112, ¶ 6, in accordance with which the limitation encompasses structures shown in the patent, and equivalents thereof. Opp. at 9.

[3] Defendants argue that the limitations of dependent claims 2, 11 and 20 are met by the Venn-Carr patent and contend that plaintiff has not disputed that claims 3, 14 and 19 are anticipated. Reply at 15. Plaintiff argues, however, that claims 3, 14 and 19 contain recitations to independent claims 1 and 18, which are not anticipated by Venn-Carr or Leoncavallo. Opp. at 14.

evidence that a single prior art reference discloses, either expressly or inherently, each limitation of the claim." In re Cruciferous Sprout Litigation ("Cruciferous Sprout"), 301 F.3d 1342, 1349 (Fed. Cir. 2002)(citations omitted).

"Prior art" under Section 102(b) includes a printed publication in which the invention was described that was published more than one year prior to the date of the earliest filing date of the patents at issue. 35 U.S.C.A. §102(b)(2001). What is disclosed in a prior art reference when analyzed for anticipation is a question of fact that the Federal Circuit reviews for clear error. See, Tegal Corp. v. Tokyo Electron America, Inc., 257 F.3d 1331, 1345-46 (Fed. Cir. 2001), cert. denied, 122 S. Ct. 1297 (2002).

"A prior art reference may anticipate when the claim limitations not expressly found in that reference are nonetheless inherent in it." Cruciferous Sprout, 301 F.3d at 1349. "[I]f the prior art necessarily functions in accordance with, or includes, the claimed limitations, it anticipates." Id. (citing MEHL/Biophile Int'l Corp. v. Milgraum, 192 F.3d 1362, 1365 (Fed. Cir. 1999).

The Court concludes that there exists a genuine issue of material fact which prevents determination on summary judgment that the Venn-Carr patent anticipates independent claims 1 and 18 of the '592 patent. The "intermediate" position depicted by defendants in Fig. V-A of their motion, which defendants contend reads on "at least another mounted position" and "second mounted position" in claims 1 and 18 of '592 patent, is not actually disclosed in the Venn-Carr patent. As to any possible inherency argument, the presence of fingers d of the Venn-Carr patent, which do not appear in defendants' illustrations in Fig. V-A, raise a genuine issue of material fact as to whether such fingers would hinder the placement of the Venn-Carr apparatus on a horizontal surface in a second mounted position such that the Venn-Carr apparatus did not function in a manner similar to the claims 1 and 18 disclosed '592 patent.[4]

---

[4] See Chisum on Patents 3.03; citing: Atlas Powder Co. v. Ireco Inc., 190 F.3d 1342, 1347 (Fed Cir. 1999): "Under the principles of inherency, if the prior art necessarily functions in accordance with, or includes, the claimed limitations, it anticipates." See also In re King, 801 F.2d 1234, 1236 (Fed Cir. 1986). Defendants acknowledge a possible limitation on the

(continued...)

Likewise, the Court concludes that a genuine issue of material fact exists as to whether the Leoncavallo patent anticipates claims 1, 15, and 18 of the '592 patent. Leoncavallo '436 does not disclose a "reservoir ... at least partially nested in said trough pooling space," construed by both parties in the Joint Statement to mean that "the reservoir occupies some of the space of the trough inside an envelope of the trough." Solum Decl., Ex. 14 (Joint Statement) at 3. Because the Court concludes that a genuine issue of material fact exists as to whether the Leoncavallo patent discloses a "nesting" element, the question of whether the Leoncavallo patent anticipates the independent claims of the '592 patent cannot be decided on summary judgment. The Court need not reach the question of whether the hinge mechanism in the Leoncavallo patent is different from the structure disclosed in the '592 patent corresponding to the "means for mounting" limitation of claims 1, 15 and 18.

Because dependent claims 2, 3, 5, 11, 14 and 19 of the '592 patent depend from independent claims 1 and 18 of the '592 patent, and a genuine exists regarding whether the Leoncavallo patent anticipates claims 1 and 18, the Court cannot determine whether these dependent claims are anticipated by Leoncavallo. The same logic precludes the Court from determining whether the dependent claims of the '592 patent are anticipated by the Venn-Carr patent on this motion.

---

[4](...continued)
function of the Venn-Carr apparatus with regard to the fingers in their separate discussion of claim 11 of the '592 patent: "...tray *b* could be positioned at the edge of a table or curb with the fingers extending downwardly past the flat surface and be completely operable by holding vessel *a* in the desired position." Reply at 14. Defendants may be correct in maintaining that claims 1 and 18 of the '592 patent do not require a lack of fingers. However, the presence of the fingers raises a question of material fact as to defendants' inherency argument that the prior art necessarily functions in accordance with the portion of claim 1 requiring "clearance between the reservoir and trough to permit animal access to pooled feed material in the trough." See Reply at 10; Solum Decl., Ex. 1.

C.  Invalidity Based Upon Obviousness

Defendants argue that all claims of the '592 patent are invalid on obviousness grounds under 35 U.S.C. § 103 in light of various potential combinations of Leoncavallo '436 and/or Venn-Carr '654 and the four cited prior art patents. Mot. at 22.

Independent claims 1 and 18 and dependent claim 14 of the '592 patent require a reservoir and trough hinged together to move between an "at least partially nested" position and a position having a trough pooling space accessible to animals. Defendants contend that there are several obvious combinations of references that meet those claims. Mot. at 20. Defendants propose: (1) extending trough/cover 26 either outwardly beyond the side of the bottle 14, as disclosed by Venn-Carr '654, or down the side of the bottle opposite the hinge to provide a larger pooling space and a more pronounced 'nesting' position of the cover 26 of Leoncavallo '436; (2) providing vessel "a" of Venn-Carr '654 with a cap or a valve on the open end as disclosed in Leoncavallo '436 to be more portable and to more clearly define the nesting position and the dispensing/feeding position; or (3) pivotally mounting the reservoir/hopper 12 of the cited Ligget patent on its trough 10 to be movable between the nesting position of Fig. 4 and the dispensing feeding position of Fig. 1, thereby making the reservoir and trough inseparable, as taught by Venn-Carr '652." Mot. at 20-21.

As to claims 5 and 15 adding a "valve means," defendants state that "[i]t would be obvious to add the valve of Leoncavallo '436 or Bradley (also an animal feeder) to either Venn-Carr '654 (to the air vent 'f' or open of vessel 'a') or Ligget (also an animal feeder). Mot. at 21. Likewise, defendants contend that claim 11, adding "stabilizing means," for resting the trough on a surface, would be an obvious modification in view of Liggett, Bradley, Stansbury or Chrisco, which all disclose free-standing feeders with flat bases." Mot. at 21-22. Defendants argue that all other dependent claims are also obvious in light of the cited and uncited prior art. Mot. at 21-22.

Plaintiff responds that the claims disclosed by the '592 patent are not obvious since the prior art provides no motivation to combine the references in the manner suggested by defendants. Opp. at 15. Rather, plaintiff argues that defendants' proposed combination of references is based upon inadmissible hindsight. Opp. at 16, citing ATD Corp. v. Lydall, Inc., 159 F.3d 534, 546 (Fed. Cir. 1998). In particular, plaintiff contends that "since

the cover in Leoncavallo patent is intended to function as a protective cover for overlaying the spout for the bottle, and nothing more, one of ordinary skill in the art would have no practical reason to utilize the teachings of the Venn-Carr patent to elongate such cover to extend down the side of the bottle." Opp. at 16.

Plaintiff also cites a lack of motivation to modify the vessel of Venn-Carr '654 with a cap or valve on the open end as disclosed by Leoncavallo '436 to be more portable and to more clearly define the nesting position. Opp. at 16, citing Mot. at 20.[5] Plaintiff contends that even if defendants could have provided substantial evidence of motivation to combine, "motivation to combine references in an obviousness determination is a pure question of fact," precluding a grant of summary judgement of invalidity on obviousness grounds. Opp. at 17, citing In re Robert J. Gartside, 203 F.3d 1305, 1316 (Fed. Cir. 2000).

Plaintiff argues that other factually-based inquiries also necessarily preclude the granting of summary judgment on the ground of obviousness. In particular, plaintiff argues that to determine the level of ordinary skill in the art, the Court must conduct a fact specific inquiry, examining the educational level of the inventor, types of problems encountered in the art, and sophistication of technology. Opp. at 19-20, citing Environmental Designs, Ltd. v. Union Oil Company of California, 713 F.2d 693, 696-697 (Fed. Cir. 1983)(citations omitted). Likewise, plaintiffs contend that secondary considerations such as commercial success and recognition in the field of endeavor also raise genuine issues of material fact precluding the granting of summary judgment. Opp. at 21.

A patent claim is invalid as being obvious under 35 U.S.C. § 103, "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a

---

[5] Plaintiffs argues that the suggested modification ignores the fact that the open end of the vessel in the Venn-Carr patent only discloses the addition of liquid to the vessel during refilling and not for emptying liquid out of the vessel. Plaintiff further states that modifying the reference to obtain portability is not germane, and therefore modification would serve no practical purpose in light of the expressed use. Opp. at 16-17, citing Panduit Corporation v. Dennison Manufacturing Co., 774 F.2d 1082 (Fed. Cir. 1985).

whole would have been obvious at the time the invention was made to a person having ordinary skill in the art as to which said subject matter pertains." 35 U.S.C. § 103.
"Obviousness is a legal conclusion based on underlying facts of four general types, all of which must be considered by the trier of fact: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) any objective indicia of nonobviousness." Crown Operations International Ltd. v. Solutia Inc., 289 F.3d 1367, 1376 (Fed. Cir. 2002), citing Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966).
"Determination of obviousness cannot be based on the hindsight combination of components selectively culled from the prior art to fit the parameters of the patented invention." ATD Corp. v. Lydall, Inc., 159 F.3d 534, 546 (Fed. Cir. 1998).

The Court concludes that the fact specific nature of the obviousness arguments advanced by defendants precludes the granting of summary judgment in the instant case. "The presence or absence of a motivation to combine references in an obviousness determination is a pure question of fact." In Re Gartside, 203 F.3d 1305, 1316 (Fed. Cir. 2000).[6] The Federal Circuit has further cautioned that:

> "Measuring a claimed invention against the [obviousness] standard established by section 103 requires the oft-difficult but critical step of casting the mind back to the time of invention, to consider the thinking of one of ordinary skill in the art, guided only by the prior art references and then-accepted wisdom in the field. Close adherence to this methodology is especially important in the case of less technologically complex inventions, where the very ease with which the invention can be understood may prompt "one to fall victim to the insidious effect of a hindsight syndrome wherein that which only the inventor taught is used against its teacher."

In Re Dembiczak, 174 F.3d 994, 999 (Fed. Cir. 1999), quoting W.L.

---

[6] Defendants characterize the issue of motivation as involving whether an inventor "who had before him in his workshop the prior art ...[would] have been reasonably expected to use the solution that is claimed in the ... patent." Reply at 19, citing Para-Ordnance Mfg. Inc. v. SGS Importers International, Inc., 73 F.3d 1085 (Fed. Cir. 1995). However, defendants do not dispute that the motivation inquiry is factually intensive.

<u>Gore & Assoc., Inc. v. Garlock, Inc.</u>, 721 F.2d 1540, 1553 (Fed. Cir. 1983). In light of the dramatically different intended functions disclosed by the Venn-Carr patent and the Leoncavallo patent, the Court concludes that a genuine issue of material fact exists regarding motivation to combine the disclosed prior art references.

### IV. CONCLUSION

Defendant's motion for summary judgment of invalidity of U.S. Patent No. 5,636,592 is therefore DENIED.

IT IS SO ORDERED.