

Thomas F. Smegal, Jr. (CSB # 34,819)
Paul N. Conover (CSB # 192,358)
Irfan A. Lateef (CSB # 204,004)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, California 92614
Telephone:  (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
LAWRENCE I. WECHSLER

Conrad R. Solum, Jr. (CSB # 30,741)
**FULBRIGHT & JAWORSKI LLP**
865 South Figueroa Street, 29th Floor
Los Angeles, CA 90017-2576
Telephone: (213) 892-9200
Facsimile: (213) 680-4518

Attorneys for Defendants MACKE
INTERNATIONAL TRADE INC. and
ANTHONY O'ROURKE

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAWRENCE I. WECHSLER,<br><br>Plaintiff,<br><br>v.<br><br>MACKE INTERNATIONAL TRADE, INC., and ANTHONY O'ROURKE,<br><br>Defendants. | ) Civil Action No.<br>) CV 00-00296 CAS (BQRx)<br>)<br>) **AMENDED [~~PROPOSED~~]**<br>) **PRETRIAL CONFERENCE**<br>) **ORDER**<br>)<br>) **Trial:**<br>) **Date:  September 28, 2004**<br>) **Time:  9:30 a.m.**<br>) **Ctrm:  5, 2nd Floor** |

The Honorable Christina A. Snyder

Following pretrial proceedings, pursuant to Rule 16, Fed.R.Civ.P., and Local Rule 16-6, IT IS ORDERED:

1.    The parties are:    Lawrence I. Wechsler, Plaintiff; Macke International Trade, Inc. and Anthony O'Rourke, Defendants.

Each of these parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

(a)    Plaintiff's Amended Complaint, dated March 23, 2000.

(b)    Defendants', Macke International Trade, Inc. and Anthony O'Rourke's, Answer to Amended Complaint, dated May 31, 2000.

2.    Federal jurisdiction and venue are invoked upon the following grounds:  This is a patent infringement action arising under the laws of the United States.    Pursuant to 28 U.S.C. §1338(a) the Court has original jurisdiction over actions for patent infringement.  Venue is proper under 28 U.S.C. §§1391 and 1400(b).  The facts supporting the Court's jurisdiction are admitted.

3.    The trial is estimated to take 5 trial days.

4.    The trial is to be a jury trial.  Pursuant to the Court's Standing Order re Trial Calendar and Required Preparation, on the Wednesday prior to trial date counsel shall file and serve:  (a) joint proposed jury instructions as required by Local Rule 51-1, (b) joint verdict form, and (b) any special questions requested to be put to prospective jurors on *voir dire*.

5.    The following facts are admitted and require no proof:

(a)    Macke International Trade, Inc. is a corporation organized and existing under the laws of the State of California, and having a principal place of business in Malibu, California.  Anthony O'Rourke is an individual residing in Malibu, California.  Both Defendants are subject to the personal

-1-

1    jurisdiction of this Court.

2          (b)    On June 10, 1997 the United States Patent and Trademark

3    Office issued U.S. Patent No. 5,636,592 ("the '592 Patent") to Lawrence I.

4    Wechsler.  Plaintiff owns the '592 Patent, including the right to sue and recover

5    damages for infringement of this patent.

6          (c)    Macke International Trade, Inc.'s Handi-Drink 1 (HD1) and

7    "hinged" Handi-Drink 4 (HD4) infringe Claims 1, 2, 3, 11, 12, 14, 18, 19 and 20

8    of the '592 Patent.

9       6.    The following facts, though stipulated, shall be without prejudice to

10   any evidentiary objection:

11         (a)    Copies of documents may be admitted as if originals, subject

12   to a challenge for good cause should such cause appear.

13         (b)    Certified copies of patents and file histories are not required.

14         (c)    The parties agree not to contest the authenticity of

15   documents identified as Trial Exhibits 31, 32, 34 to 54, 59 to 62, 64, 103, 116,

16   120 to 138 and 155 to 161 inclusive.  These are authentic documents, and are

17   what they purport to be.

18       7.    The claims and defenses to be presented at the time of trial are:

19   **PLAINTIFF:**

20         (a)    The Court having already determined that the HD1 infringes

21   the '592 patent and Defendants' having conceded infringement of the Claims 1,

22   2, 3, 11, 12, 14, 18, 19 and 20 of the '592 Patent by the HD1 and "hinged" HD4,

23   Plaintiff intends to pursue at trial the following claims against Defendants:

24   against Macke International Trade, Inc. for compensatory and enhanced

25   damages, lost profits and a permanent injunction for direct and willful

26   infringement of the '592 Patent; and against Anthony O'Rourke for

27   compensatory and enhanced damages, lost profits and a permanent injunction

28   for induced and willful infringement of the '592 Patent.

(b)     The ultimate facts required to prove such claims under the applicable legal standard are:

i)     Plaintiff owns the '592 Patent, including the right to sue and recover damages for infringement of this patent.

ii)     Defendant, Macke International Trade, Inc., has been and continues to willfully infringe the '592 Patent by importing, offering for sale, and selling, the original Handi-Drink product in the United States; by importing, offering for sale, and selling, the "hinged" version of the Handi-Drink 4 product in the United States; and offering the original Handi-Drink and "hinged" version of the Handi-Drink 4 within the United States for delivery to customers outside the United States, all with knowledge of the '592 Patent and without a reasonable basis for initiating and continuing its infringing activity.

iii)     Defendant, Anthony O'Rourke, is personally liable for the infringement of the '592 Patent by specifically intending to aid and abet infringement of the '592 Patent by Macke International Trade, Inc.

iv)     Plaintiff has been damaged by Defendants' infringement, including a loss of profits from lost sales, a loss of profits from erosion of the price he could have charged for his product, additional advertising expenses to be incurred, and/or at least a reasonable royalty on Defendants' sales. Plaintiff seeks a permanent injunction against continued infringement, and an award of damages, interest and costs, as well as a finding of willful infringement and that this is an exceptional case such as to warrant the trebling of damages and an award of attorneys' fees.

(c)     To prove the elements of his claims, Plaintiff intends to rely on the following evidence: exhibits and testimony showing the value of the '592 Patent, the market, financial information, and damage to Plaintiff caused by Defendants' infringement, including the amount of lost profits, price erosion, additional advertising expenses, and/or the amount of a reasonable royalty.

-3-

Plaintiff also intends to rely on evidence demonstrating Defendants' knowledge of the '592 Patent and their lack of duty of care.

**DEFENDANTS:**

(a)    The only affirmative defense the Defendants intend to raise is invalidity under 35 U.S.C. §§ 102 & 103.

(b)    The ultimate facts of this affirmative defense are:

i)    The invention of the '592 Patent was described in a prior art U.S. or British Patent that issued more than one year prior to the filing of the application for the '592 Patent, or in a U.S. Patent application filed before the invention was made, which U.S. application issued as a patent.

ii)    The invention of the '592 Patent would have been obvious at the time the invention was made to one of ordinary skill in the art to which the invention pertains in view of the prior art U.S. and British patents.

(c)    The evidence to be relied upon are a British Patent No. 185,654 to Venn-Car and U.S. Patent Nos. 2,874,678 to Bradley; 1,431,472 to Liggett; 4,450,790 to Stansbury; 5,467,735 to Chrisco; 2,688,422 to Eisenberg; 4,153,011 to Weissman; 5,603,436 to Leoncavallo et al.; and 358,530 to Mehra et al.

8.    All discovery is complete, except for the Court's *in camera* review of Lyon's files regarding O'Rourke.

9.    All disclosures under Fed.R.Civ.P. 26(a)(3) have been made.  An amended joint exhibit list of the parties will be filed under separate cover, as required by Local Rule 16-5.  All exhibits may be admitted without objection, except those exhibits listed below:

| PLAINTIFF'S OBJECTIONS | | |
|---|---|---|
| Exhibit # | Description | Objection |
| 113 | Handi-Drink 2 Product | FRE 402,403 |
| 113A | Photographs of Handi-Drink 2 (Ex. 113) | FRE 402,403 |

| 136 | Order Construing Patent by Judge Snyder filed August 20, 2001 | FRE 402, 403 |
| 137 | Order Granting Summary Judgment by Judge Snyder filed February 13, 2002 | FRE 402, 403 |
| 140 | Physical Model of the device of British Patent No. 185,654 to Venn-Carr | FRE 402, 403, 701, 901 |
| 140A | Photographs of the Venn-Carr physical Model (Exhibit 140) | FRE 402, 403, 701, 901 |
| 142 | Physical model of the device of Leoncavallo U.S. Patent No. 5,603,436 | FRE 402, 403, 701, 901 |
| 142A | Photographs of the physical model of U.S. Patent No. 5,603,436 to Leoncavallo (Exhibit 142) | FRE 402, 403, 701, 901 |
| 145 | Chart of Claim 1 of the Wechsler '592 Patent reading on the Leoncavallo '436 and Venn-Carr '654 Patents | FRE 402, 403, 701 |
| 145A | Enlargement of Exhibit 145 | FRE 402, 403, 701 |
| 146 | Chart of Claim 2 of the Wechsler '592 Patent reading on the Leoncavallo '436 and Venn-Carr '654 Patents | FRE 402, 403, 701 |
| 146A | Enlargement of Exhibit 146 | FRE 402, 403, 701 |
| 147 | Chart of Claim 3 of the Wechsler '592 Patent reading on the Leoncavallo '436 and Venn-Carr '654 Patents | FRE 402, 403, 701 |
| 147A | Enlargement of Exhibit 147 | FRE 402, 403, 701 |
| 148 | Chart of Claim 11 of the Wechsler '592 Patent reading on the Leoncavallo '436 and Venn-Carr '654 Patents | FRE 402, 403, 701 |
| 148A | Enlargement of Exhibit 148 | FRE 402, 403, 701 |
| 149 | Chart of Claim 12 of the Wechsler '592 Patent reading on the Leoncavallo '436 and Venn-Carr '654 Patents | FRE 402, 403, 701 |
| 149A | Enlargement of Exhibit 149 | FRE 402, 403, 701 |

| 150 | Chart of Claim 14 of the Wechsler '592 Patent reading on the Leoncavallo '436 and Venn-Carr '654 Patents | FRE 402, 403, 701 |
|---|---|---|
| 150A | Enlargement of Exhibit 150 | FRE 402, 403, 701 |
| 151 | Chart of Claim 18 of the Wechsler '592 Patent reading on the Leoncavallo '436 and Venn-Carr '654 Patents | FRE 402, 403, 701 |
| 151A | Enlargement of Exhibit 151 | FRE 402, 403, 701 |
| 152 | Chart of Claim 19 of the Wechsler '592 Patent reading on the Leoncavallo '436 and Venn-Carr '654 Patents | FRE 402, 403, 701 |
| 152A | Enlargement of Exhibit 152 | FRE 402, 403, 701 |
| 153 | Chart of Claim 20 of the Wechsler '592 Patent reading on the Leoncavallo '436 and Venn-Carr '654 Patents | FRE 402, 403, 701 |
| 153A | Enlargement of Exhibit 153 | FRE 402, 403, 701 |
| 157 | Joint Claim Construction Statement by the parties served March 13, 2001 | FRE 402, 403 |
| 168 | Declaration of John R. Woods in Support of Plaintiff's Response (with exhibits) dated February 17, 2004 | FRE 802 |
| 190 | Letter from John R. Woods to Lawrence I. Wechsler dated February 12, 2004 | FRE 402, 403, 802 |
| 192 | Supplemental Expert Report of Alan Goedde dated July 19, 2001 | FRE 802 |
| 193 | Second Supplemental Expert Report of Alan Goedde dated February 23, 2004 | FRE 802 |
| 199 | Transcript of the Deposition of Alan G. Goedde taken July 23, 2004 (with exhibits) | FRE 802 |
| 200 | Transcript of the Deposition of John R. Woods taken July 22, 2004 (with exhibits) | FRE 802 |
| 204 | Email from Lawrence Wechsler to John R. Woods dated June 22, 2004 | FRE 402, 403, 802 |

| DEFENDANTS' OBJECTIONS | | |
|---|---|---|
| Exhibit # | Description | Objection |
| 18 | Defendant's European pet water dispenser | FRE 402, 403 |
| 22 | New Angle Pet Products, Inc.'s "Trilog" basking accessory | FRE 402, 403 |
| 23 | New Angle Pet Products, Inc.'s "Spaceball" drool free play toy | FRE 402, 403 |
| 24 | Terra Aqua, Inc.'s "Natuary" aquatic reptile habitat sales brochure | FRE 402, 403 |
| 25 | All-Glass Aquarium 2003 Catalog | FRE 402, 403 |
| 28 | Second Supplemental Expert Report of Alan G. Goedde, dated 2/23/04 | FRE 402, 403 |
| 31 | U.S. Patent No. 5,738,039 to Berman, et al. | FRE 402, 403 |
| 32 | Excerpt from file history of U.S. Patent No. 5,738,039 to Berman, et al. | FRE 402,403 |
| 34 | Handi-Drink award; Dog Fancy Magazine, 1/99 | FRE 402, 403, 802, 901 |
| 35 | Handi-Drink ad; Dog Fancy Magazine, 6/99 | FRE 402, 403, 802, 901 |
| 36 | Handi-Drink ad  [MI000195] | FRE 402, 403, 802, 901 |
| 37 | Handi-Drink ad  [MI000196] | FRE 402, 403, 802, 901 |
| 38 | Handi-Drink 2 ad  [MI000197] | FRE 402, 403, 802, 901 |
| 39 | Handi-Drink 2 ad  [MI000198] | FRE 402, 403, 802, 901 |
| 40 | Handi-Drink ad  [MI000199] | FRE 402, 403, 802, 901 |
| 41 | Facsimile message from MIT to N. Schmid, Petsmart, dated 4/3/98 [PET00014] | FRE 402,403 |
| 42 | Presentation of product merits of Handi-Drink to Petsmart  [PET00016] | FRE 402, 403 |
| 43 | Facsimile message from MIT to N. Schmid, Petsmart, dated 1/24/00 [PET000056-57] | FRE 402, 403 |
| 44 | Handi-Drink award announcement [PET00062] | FRE 402, 403, 802, 901 |

| | | |
|---|---|---|
| 45 | Handi-Drink press release  [PET00063] | FRE 402, 403, 802, 901 |
| 54 | Letter from Conrad R. Solum, Jr. to L. Wechsler, dated 9/13/99  [000161-162] | FRE 402, 403, 408 |
| 55 | Letter from Conrad R. Solum, Jr. to Anthony O'Rourke, dated 10/11/99 | FRE 402, 403, 501 |
| 56 | Letter from L. Wechsler to Richard E. Lyon, Jr., dated 6/11/99  [000139] | FRE 402, 403, 408 |
| 57 | Letter from R. Wechsler to Conrad R. Solum, Jr., dated 9/7/99  [000141-143] | FRE 402, 403, 408 |
| 58 | Letter from R. Wechsler to Conrad R. Solum, Jr., dated 9/27/99  [000144] | FRE 402, 403, 408 |
| 59 | Letter from R. Wechsler to Conrad R. Solum, Jr., dated 10/4/99  [000145] | FRE 402, 403, 408 |
| 63* | Correspondence between L. Wechsler and his factory, dated 5/4/98 to 8/14/00 [000169-247] | FRE 402, 403 |
| 64 | Sketch by Anthony O'Rourke; soft squeeze valve on Evian bottle, dated 1/30/98  [MI000226] | FRE 402, 403 |
| 65* | Sketch by Anthony O'Rourke; telescoping lap pan design, dated 10/29/97  [MI000229] | FRE 402, 403 |
| 66* | Sketch by Anthony O'Rourke; snap on bowl design, dated 9/23/97  [MI000233] | FRE 402, 403 |
| 67* | Facsimile message from MIT to Art Russell, dated 2/4/98  [MI000151] | FRE 402, 403 |
| 68 | Facsimile message from MIT to John Halff, dated 2/10/98  [MI000152] | FRE 402, 403 |
| 69 | Facsimile message from MIT to Art Russell, dated 2/11/98  [MI000153] | FRE 402, 403 |
| 70 | Non-disclosure Agreement between MIT and John Woods, dated 7/15/97 [JW 256-258] | FRE 402, 403 |
| 71 | Provisional patent application Serial No. 60/055,134 of John Woods, filed 8/8/97 [JW 193-255] | FRE 402, 403 |
| 72 | Non-disclosure Agreement between MIT and John Woods, dated 9/4/97 [JW 259-260] | FRE 402, 403 |

| | | |
|---|---|---|
| 73 | Memorandum of Understanding between MIT and John Woods, dated 9/4/97 [JW 274] | FRE 402, 403 |
| 74 | Memorandum of Understanding between MIT and John Woods, dated 9/4/97 [JW 275] | FRE 402, 403 |
| 75 | Memorandum from John Halff to John Woods, dated 12/12/97 [JW 273] | FRE 402, 403 |
| 81 | Chart of Plaintiff's lost profits calculations | FRE 402, 403, 701 |
| 81A | Enlarged copy of lost profits calculation chart (Exhibit 81) | FRE 402, 403, 701 |
| 82 | Hard copy of Handi-Drink website page | FRE 402, 403, 802 |
| 83 | Complaint for Breach of Contract and Breach of Confidential Relationship filed on 3/23/99 in *Woods v. Macke International Trade, Inc.*, Los Angeles County Superior Court Case No. BC207573 | FRE 402, 403 |
| 84 | File history for U.S. Patent 5,738,039 to Berman, et al. | FRE 402, 403 |
| 85 | File history for U.S. Patent Application for portable pet bowl, Serial No. 08/499,936 | FRE 402, 403 |
| 86 | Application for United States Letters Patent for Portable Pet Bowl by Berman, et al. | FRE 402, 403 |
| 87 | 1/7/98 letter to Macke International Trade from Maria Bartush of Lyon & Lyon re legal fees owing with attached reminder statement [MI 836-837] | FRE 402, 403 |
| 88 | Lyon & Lyon billing report "Billed Recap of Time" for 9/2/97 through 10/31/97 | FRE 402, 403 |
| 89 | 7/29/04 Letter to Irfan A. Lateef from Conrad Solum, Jr. re Lyon & Lyon invoices | FRE 402, 403 |
| 90 | Confidential Exhibit F to Declaration of John R. Woods in Support of Plaintiff's Response to Defendants' Expected Position Regarding the Assets of Macke International, Inc. in Connection with Defendants' Motion for Summary Judgment (Provisional Patent Application for portable pet bowl filed 8/8/97 | FRE 402, 403 |

| 91 | Declaration of Richard E. Lyon, Jr. in Support of Motion in Limine Re John R. Woods with attached U.S. Patent 5,738,039 to Berman, et al. | FRE 402, 403 |
| 92 | File history for U.S. Patent 5,960,742 to O'Rourke, et al. | FRE 402, 403 |
| 93 | Product License and Consulting Agreement between Anthony O'Rourke and Macke International Trade, Inc. dated 4/7/96 | FRE 402, 403 |
| 94 | File history for U.S. Patent 5,960,742 from Lyon & Lyon files | FRE 402, 403 |

10.  The witness lists of the parties have heretofore been filed with the Court.  Except for good cause shown, only the witnesses identified in the lists will be permitted to testify (other than for impeachment or rebuttal).

11.  Each party intending to present evidence by way of deposition testimony shall mark such depositions in accordance with Local Rule 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by Local Rule 32-1:  None

12.  The following law and motion matters and motions *in limine* are pending or contemplated:

(a)  Plaintiff's *Ex Parte* Application To Preclude Defendants' Expert From Testifying At Trial Regarding Invalidity.

13.  Bifurcation of the following issues for trial is ordered:  None

14.  The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this pretrial conference order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: *as of October 5, 2004*

*Christina A. Snyder*

The Honorable Christina A. Snyder
United States District Judge

-10-

APPROVED AS TO FORM AND CONTENT:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: 21 Sept. 2004          By: _____
                              Thomas F. Smegal, Jr.
                              Paul N. Conover
                              Irfan A. Lateef
                              Attorneys for Plaintiff,
                              LAWRENCE I. WECHSLER

FULBRIGHT & JAWORSKI LLP

Dated: Sept. 21, 04           By: _____
                              Conrad R. Solum, Jr.
                              Attorneys for Defendants MACKE
                              INTERNATIONAL TRADE INC. and
                              ANTHONY O'ROURKE

H:\DOCS\IAL\IAL-3346.DOC
091504

-11-

## PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action.  My business address is 2040 Main Street, Fourteenth Floor, Irvine, California.

On **September 21, 2004,** I served the within **Amended [Proposed] Pretrial Conference Order** on the parties or their counsel shown below, by placing it in a sealed envelope addressed as follows:

**Via Facsimile and First Class Mail to**:

> Conrad R. Solum, Jr.
> FULBRIGHT & JAWORSKI LLP
> 865 South Figueroa Street, 29th Floor
> Los Angeles, CA 90017-2576
> Telephone: (213) 892-9200
> Facsimile: (213) 680-4518

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **September 21, 2004**, at Irvine, California.

_____
Shirley Del Rosario

WECHSL.001L
H:\DOCS\IAL\IAL-3346.DOC
091504